[Cite as *State v. Davis*, 2011-Ohio-2427.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                 :           C.A. CASE NO.    23984

v.                                         :           T.C. NO.    08CR3997

LISA M. DAVIS                              :             (Criminal appeal from
                                                         Common Pleas Court)
    Defendant-Appellant                :


                                           :

        . . . . . . . . . .

                        **O P I N I O N**

Rendered on the ____20th____ day of ____May____, 2011.

        . . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEAL, Atty. Reg. No. 0078510, 131 N. Ludlow Street, Suite 630, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

LISA M. DAVIS, #W077-961, Ohio Reformatory for Women, 1479 Collins Avenue, Marysville, Ohio 43040
      Defendant-Appellant


        . . . . . . . . . .

DONOVAN, J.

      Appointed counsel for defendant-appellant Lisa M. Davis submitted an appellate

brief under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 139618 L.Ed.2d 493, alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

Davis was originally charged with one count of involuntary manslaughter, in violation R.C. 2903.04(A), a felony of the first degree; one count of endangering children (parent-serious physical harm), in violation of R.C. 2919.22(A), a felony of the third degree; and two counts of corrupting another with drugs (juvenile), in violation of R.C 2925.02(A)(4)(a), both felonies of the fourth degree. Davis entered into a plea agreement with the State agreeing to plead guilty to one count of involuntary manslaughter in exchange for dismissal of the remaining counts. Davis subsequently pled guilty to one count of involuntary manslaughter, in violation R.C. 2903.04(A), a felony of the first degree on February 12, 2010.

The plea transcript reflects the prosecutor's reading of the indictment (which tracks the statute) and Davis' acknowledgment of her understanding of the charge. Prior to pleading guilty to involuntary manslaughter, the trial court conducted a thorough Crim. R. 11 dialogue with Davis, and her plea was entered in a knowing and voluntary fashion. There was no agreement regarding sentencing. In fact, we note that in a sentencing memorandum filed on March 3, 2010, the State requested that the trial court impose the maximum sentence for the offense of involuntary manslaughter, which is ten years in prison. On March 11, 2010, the trial court sentenced Moore to the maximum penalty of ten years in prison with credit for time served, as well as five years of post-release control.

Moore filed a timely notice of appeal with this Court on April 13, 2010. On January 20, 2011, appointed counsel representing Davis submitted an *Anders* brief, alleging that no arguably meritorious issues exist for appeal. By magistrate's order of January 31, 2011, we informed Davis that her counsel filed an *Anders* brief and informed her of the significance of an *Anders* brief. We invited Davis to file a pro se brief assigning any error for our review within sixty days of January 31, 2011. Davis has not filed anything with this Court.

Although arguing that there are no meritorious claims to raise on Davis' behalf, her attorney found one potential assignment of error; to wit: the trial court erred in sentencing her to the maximum sentence. Upon review, we agree with appellate counsel that this potential assignment of error has no arguable merit.

Under *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, a trial court has discretion when imposing a felony sentence. We cannot say that the trial court abused its discretion when imposing the sentence that it did. The offense Davis committed, involuntary manslaughter, is a felony of the first degree, and involved the death of her own two year old daughter while under her care and responsibility.

The trial court properly considered the recidivism and seriousness factors set forth in R.C. 2929.11 and 2929.12. The trial court specifically noted Davis' extensive criminal record, including her past convictions for theft, possession of drug paraphernalia, and lack of physical control while driving under the influence, as well as the presence of a juvenile record. Accordingly, the maximum prison term imposed by the trial court was not an abuse of discretion.

In the performance of our duty, under *Anders v. California,* to conduct an

independent review of the record, we have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Carley J. Ingram
Christopher A. Deal
Lisa M. Davis
Hon. Dennis J. Langer